# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA HOUSTON,<br><br>                  Plaintiff,<br>vs.<br><br>SAN DIEGO COUNTY, et al.,<br><br>                  Defendant. | CASE NO. 06cv1285-IEG(AJB)<br><br>Order Denying Application for Temporary Restraining Order and Other Relief; Granting Application for Enlargement of Time to Serve Complaint |

      Plaintiff Claudia Houston, proceeding pro se, and proposed new Plaintiff Lindsey Stewart (collectively referred to herein as "Plaintiffs"), have filed an application seeking a temporary restraining order to enjoin five pending state proceedings, for orders to vacate state proceedings and orders as unconstitutional, and requesting review of administrative decisions. Plaintiffs have filed several prior actions in this Court concerning matters similar to those set forth in the current complaint. See Houston v. Encinitas Union School Dist., Case No. 00cv2475-WQH(CAB); Basie and Fritz v. Houston, Case No. 03cv2436-JAH(AJB)(removal); Houston v. Governing Board, Case No. 04cv759-WQH(CAB); Houston v. Gill, Case No. 04cv1791-BTM(WMc); Family of Four v. Basie and Fritz, Case No. 04cv2076-DMS(RBB); Houston v. Basie & Fritz, Case No. 05cv1062-WQH(JMA)(removal); Houston v. Basie & Fritz, Case No. 06cv1063-WQH(JMA)(removal); Basie & Fritz v. Houston, Case No. 06cv1087-WQH(LSP)(removal);

Stewart v. Poway Unified School Distr., Case No. 04cv438-WQH(POR); Stewart v. Poway Unified School Distr., Case No. 04cv2462-WQH(POR); and Poway Unified School Distr. v. Stewart, 06cv908-BEN(CAB) (removal).  All of those prior actions have been dismissed by the Court on various bases.

In their application Plaintiffs seek the following relief:

1. A TRO to prevent a judgment debtor examination of Plaintiff Stewart in San Diego County Superior Court Case GIC863632 and to prevent the Fourth District California Court of Appeal from rendering a decision in Case No. D048091 regarding Plaintiff Stewart;

2. A TRO to restrain enforcement of an April 13, 2006 decision of the California Office of Administrative Hearings Special Education Division regarding Plaintiff Stewart's son, Jason;

3. A TRO to prevent hearings from going forward in two additional Office of Administrative Hearing matters regarding Plaintiff Stewart's son;

4. A hearing date on a motion for permanent injunction regarding all pending state matters regarding Plaintiff Stewart;

5. A TRO to prevent hearings in the San Diego County Superior Court and Fourth District California Court of Appeal pending hearing on other motions filed by Plaintiff Houston; and

6. An order compelling Defendants Fritz and Horowitz to refund monies (approximately $55,000) they received from Plaintiff Houston through a bankruptcy proceeding and the garnishment of wages.

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment.  See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (noting that a temporary restraining order is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer").  The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  A party seeking injunctive relief under Federal Rule of Civil Procedure 65 must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor.  Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1119 (9th Cir. 1999); Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998).  "'These two formulations represent two points on a sliding

1  scale in which the required degree of irreparable harm increases as the probability of success
2  decreases.'" Roe, 134 F.3d at 1402 (quoting United States v. Nutricology, Inc., 982 F.2d 394, 397
3  (9th Cir. 1992)). "The greater the relative hardship to the moving party, the less probability of
4  success must be shown." National Ctr. for Immigrants Rights v. INS, 743 F.2d 1365, 1369 (9th
5  Cir. 1984).

6  Here, Plaintiffs have failed to show a probability of success on the merits. Although
7  Plaintiff Houston's original complaint purports to state a claim under 42 U.S.C. § 1983, the factual
8  allegations set forth therein are largely duplicative of the claims set forth in earlier complaints
9  dismissed by this Court. The additional claims mentioned by Plaintiff Stewart in the current
10 motion are also largely duplicative of those previously rejected by this Court. Plaintiffs seek an
11 order from this Court enjoining state court proceedings and administrative hearings. As Plaintiffs
12 should be aware from prior orders issued by other judges of this Court, however, a federal court
13 may not interfere in ongoing state judicial proceedings. Canatella v. California, 404 F.3d 1106,
14 1109-10 (9th Cir. 2005).

15 Furthermore, the Plaintiffs have not demonstrated they would suffer immediate and
16 irreparable injury. Plaintiff Stewart argues a TRO is necessary with regard to administrative
17 hearings set for February 2007, but also indicates her son is no longer attending school in the
18 Poway Unified School District as he has reached the age of 18. Plaintiff Stewart also seeks to
19 avoid a judgment debtor examination in state court, but does not indicate any immediate threat to
20 her assets. Plaintiff Houston cites several orders entered by this Court and by the Superior Court
21 in 2004 and 2005, but does not indicate how those orders could lead to irreparable injury. As a
22 result, Plaintiffs' motion for a temporary restraining order and for other relief is DENIED.

23 On January 4, 2007, Plaintiff filed an application seeking an additional 14 days within
24 which to serve the complaint, indicating that she intended to file an amended complaint within that
25 ///
26 ///
27 ///
28 ///

1  time. Plaintiff's application for additional time is therefore GRANTED. Plaintiff shall serve the
2  original complaint, or file an amended complaint, on or before *January 19, 2007*.
3      **IT IS SO ORDERED**.

5  **DATED:  January 5, 2007**

   _____
   **IRMA E. GONZALEZ, Chief Judge**
   **United States District Court**