1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| CLAUDIA HOUSTON, | CASE NO. 06cv1285-IEG(AJB) |
|---|---|
| Plaintiff, | Order Denying Plaintiffs' Ex Parte Request to Certify Issues for Immediate Appeal [Doc. 241] |
| vs. | |
| SAN DIEGO COUNTY, et al., | |
| Defendant. | |

    Plaintiffs Claudia, Brittany, Cassandra, and Jonas Houston, have filed an ex parte request for the Court to certify for immediate appeal under Fed. R. Civ. P. 54(b) the following orders: August 18, 2008 order denying Plaintiffs' application for extension of time; September 16, 2008 Order denying Plaintiffs' application for reconsideration; and February 20, 2008 order dismissing certain claims with prejudice. The Court DENIES this request

    Rule 54(b) of the Federal Rules of Civil Procedure provides: "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In determining whether it is appropriate to enter judgment under Rule 54(b), the court must first determine whether the decision is "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1,

1  7 (1980) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 472, 436 (1956)). If the court finds
2  the decision as to the claim is "final," the court must then determine "whether there is any just
3  reason for delay." Curtiss-Wright Corp., 446 U.S. at 8. In making this determination, the court
4  should consider "administrative interests as well as the equities involved" all with an eye toward
5  avoiding piecemeal appeals. Id.; see also Wood v. GCG Bend, LLC, 422 F.3d 873, 878 n.2 (9th
6  Cir. 2005). Factors to evaluate include "whether certification would result in unnecessary appellate
7  review; whether the claims finally adjudicated were separate, distinct, and independent of any
8  other claims; whether review of the adjudicated claims would be mooted by any future
9  developments in the case; [and] whether an appellate court would have to decide the same issues
10 more than once even if there were a subsequent appeal . . . ." Wood, 422 F.3d at 878, n.2.

11    In reviewing these factors, the Court determines it is not appropriate to enter judgment
12 under Rule 54(b) with regard to any of the orders as requested by Plaintiffs. The Court previously
13 denied Plaintiffs' request to certify the February 20, 2008 order for immediate appeal, see Order
14 filed June 24, 2008, Doc. No. 228, and the Court will not revisit the reasons why such an appeal is
15 not appropriate. With regard to the August 18 and September 16, 2008 orders, the Court also
16 determines that neither administrative interests nor equities weigh in favor of allowing immediate
17 appeal. As explained in the Court's June 24, 2008 order, the claims dismissed by the Court with
18 prejudice are ones which have been previously litigated or are asserted against immune parties. In
19 addition, the dismissed claims allege matters intertwined with the claims dismissed without
20 prejudice and with leave to amend, such that interlocutory appeal will likely result in unnecessary
21 appellate review and duplication of effort. For these reasons, the Court DENIES Plaintiffs' motion
22 for immediate entry of judgment under Rule 54(b).

23    **IT IS SO ORDERED**.

25 **DATED: October 31, 2008**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**